IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00116-GPG

ANDREW J. O'CONNOR,
MARY E. HENRY,

    Plaintiffs,

v.

COMCAST,
COMCAST OF COLORADO I, LLC,
BRIAN ROBERTS,
STEVE WHITE,
CITY OF LAFAYETTE,
CITY OF LAFAYETTE POLICE DEPARTMENT, individually and severally,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiffs, Andrew J. O'Connor and Mary E. Henry, reside in Lafayette, Colorado. On January 14, 2019, Plaintiffs submitted a "Complaint for Damages Pursuant to 42 U.S.C. §1201 et seq., and Title VII of the Civil Rights Act" (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3).

    On January 14, 2019, Magistrate Judge Gordon P. Gallagher ordered Plaintiffs to cure certain designated deficiencies. (ECF No. 4). Specifically, Plaintiffs were ordered to submit their Complaint on the current court-approved Complaint form and to provide addresses for all of the defendants. (*Id.*). Additionally, Plaintiffs were directed to include information in the *in forma pauperis* motion as to whether they received a monetary

1

settlement in Plaintiff Andrew J. O'Connor's previously filed case, *O'Connor v. Arrupe Jesuit High School*, 17-cv-00807-RM-MJW, which was dismissed on December 6, 2017 based on a stipulation of the parties. (*Id.*).

On January 16, 2019, Plaintiffs filed an "Amended Complaint for Damages Pursuant to 42 U.S.C. § 1201 et seq., and Title VII of the Civil Rights Act." (ECF No. 5). Two days later, on January 18, 2019, they filed a "Second Amended Complaint for Damages Pursuant to 42 U.S.C. § 1201 et seq. and Title VII of the Civil Rights Act." (ECF No. 6). On January 22, 2019, they filed a "Third Amended Complaint for Damages Pursuant to 42 U.S.C. §1201 et seq." (ECF No. 7). None of these submitted amended complaints were on the current court-approved complaint form.

On January 25, 2019, Plaintiffs filed a "Motion to Disqualify Magistrate Gallagher Pursuant to 28 § 455 U.S.C," (ECF No. 8) and a "Response to Order Directing Plaintiffs to Cure Deficiencies," (ECF No. 9).

In the "Response to Order Directing Plaintiffs to Cure Deficiencies," Plaintiffs stated:

> First of all, it is none of this Court's business about what monetary settlement Plaintiffs received in *O'Connor v. Arrupe Jesuit High School*, 17-cv-00807-RM-MJW. Suffice it to say that Arrupe was beaten badly and there was no monetary settlement.
>
> The complaint is submitted on a proper form and it is much more readable and better than the Court's current form. Plaintiffs will not handwrite the complaint and it is stupid for the Court to require it. Pro se Plaintiffs are not prisoners and will not allow this Court to mistreat and disrespect them because they are pro se litigants. In fact, this Court has ruled that Plaintiffs are owed pro se deference and must be treated accordingly. Addresses for Defendants will be provided as soon as possible.

2

>       WHEREFORE, Plaintiffs cured the above referenced
>       deficiencies and this case can move forward.

(ECF No. 9 at 1-2).

On February 14, 2019, a day after the thirty-day deadline to cure deficiencies, Plaintiffs filed a Fourth Amended Complaint. (ECF No. 10). In addition to the untimeliness of the Fourth Amended Complaint, the complaint is deficient for other reasons as well. First, the Fourth Amended Complaint is only signed by one Plaintiff. Second, the caption of the Fourth Amendment Complaint states "Comcast et. al.," instead of listing the individual defendants as required. Third, although Plaintiffs submitted the court-approved complaint form for the Fourth Amendment Complaint, they did not complete all of the sections. Instead, they stated "see attached" in the "Statement of Claims" and "Request for Relief" sections. Plaintiffs then attached their originally filed Complaint. As a result, Plaintiffs have failed to cure the deficiencies as directed. The Plaintiffs have displayed their unwillingness to abide by a specific court order to file a complaint on the court-approved form. (*See* ECF No. 9). Their attempt to file the court-approved complaint form but not complete all of the sections in the form and simply attach their original complaint does not cure the deficiencies. As a result, the action will be dismissed for failure to cure deficiencies and failure to follow a court order.

While this Court has an obligation to construe *pro se* litigants' filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court cannot accept the filing of a complaint from a *pro se* party who fails to follow procedural rules and court orders. A *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *Green v. Dorrell*, 969 F.2d 915, 917 (10th

Cir. 1992). Such procedural rules include a Court's local rules. Local Civil Rule 5.1(c) for this Court require *pro se* litigants, both prisoners and nonprisoners, to use the Court-approved forms found on the Court's website. The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply).

Finally, the Court warns Plaintiffs that it maintains the inherent power to impose sanctions that are necessary to regulate its docket. Repeated frivolous filings cause a court "to expend valuable time and resources that could have been better spent addressing meritorious arguments advanced by rule-abiding litigants." *See Mann v. Boatright,* 477 F.3d 1140, 1150 (10th Cir. 2007). Therefore, if either Plaintiff continues to initiate actions without utilizing the required current Court-approved forms, the Court may impose filing restrictions or, as in this case, may dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

4

Accordingly, it is

ORDERED that this action is DISMISSED without prejudice for failure to cure deficiencies and failure to follow a court order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED WITHOUT PREJUDICE to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3), and "Motion to Disqualify Magistrate Judge Gallagher Pursuant to 28 § 455 USC" (ECF No. 8), are denied as moot.

DATED at Denver, Colorado, this  5th  day of   March    , 2019.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court